# FRANK HEEG, APPELLANT, *v.* PHILIP LICHT, RESPONDENT.

*Storing of gunpowder, not a nuisance per se — party storing, only liable if negligent.*

<div style="float:right; border:1px solid; padding:2px;">
16h   257<br>
j 72 AD ²479
</div>

The defendant owned a little over two acres of land, upon which were several shops and his dwelling-house, where he was engaged in making fire-works. On one corner of the ground he constructed a magazine, about eight feet square on the inside, consisting of two buildings, one within the other, in which was stored some five kegs of powder.

In an action to recover damages for injuries to plaintiff's premises occasioned by the explosion of the powder, *held*, that the judge properly charged that the jury must find for the defendant, unless he carelessly and negligently kept the gunpowder on his premises.

The storing of gunpowder upon one's premises is not *per se* a public nuisance.

APPEAL from a judgment in favor of the defendant, entered on the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The defendant is the owner of a block of ground in East Williamsburgh, Queens county, upon which he has carried on the business of manufacturing fire-works. Previous to September 16, 1877, the defendant had a powder magazine upon his premises. On Sunday, September 16, 1877, while no work was being done on said premises, and when said magazine had not been open for two weeks, an explosion took place from some unknown cause, which scattered the bricks of said magazine over a portion of plaintiff's property, and damaged plaintiff's house. The plaintiff commenced this action to restrain defendant from carrying on the business of making and storing fire-works upon defendant's premises, and to recover damages for the explosion of said powder magazine, but did not allege that the defendant carried on said business negligently, or that said explosion occurred through any negligence on the part of the defendant. The court charged the jury that the verdict must be for the defendant, unless the jury found that the defendant carelessly and negligently kept the gunpowder on his premises. The jury found for defendant, and plaintiff appealed.

*Philip S. Crooke*, for the appellant. The judge erred in charging the jury, "that they must find for defendant, unless they found the defendant carelessly and negligently kept the gunpowder on his premises." (Wood's Law of Nuisance, § 142; *Hay v. Cohoes Company*, 2 N. Y., 159; *Tremain* v. *Cohoes Company*, 2 id., 163; *Aldred's Case*, 9 Coke, 58.) Under the rule laid down in the case of *The People* v. *Sands* (1 Johns., 78), and cases involving questions of public nuisance, the doctrine in *Hay* v. *Cohoes Company* (2 N. Y., 159), has been followed and approved in many cases since, especially in *Pixley* v. *Clark* (35 N. Y., 523).

*Downing & Stanbrough*, for the respondent.

DYKMAN, J.:

Gunpowder is an article of commerce, and may be lawfully manufactured, kept and sold. The right to store and keep it must ensue from the right to make and sell it. There is nothing inherent in the thing itself which makes it obnoxious to the senses, or dangerous to either life, health or property. Its character and qualities are well understood, and with proper care and caution it may be handled with security and used with safety. The danger of the article consists in its liability to ignite and cause an explosion, and the necessity for interfering with its use, or the place of its deposit, arises from this quality. If it be kept in such a place and in such a manner as to be dangerous to life or property, it is doubtless a public nuisance, and whether or not it be such, in any particular case, depends upon circumstances, the most prominent and important of which are the place and mode of keeping, and the quality kept. These observations have the sanction of reason, experience, and the law books. Sir William Blackstone, in his commentaries, speaks of the making, keeping, or carriage of too large a quantity of gunpowder at one time, or in one place or vehicle, and says it was prohibited by statute of George III (ch. 61), under heavy penalties and forfeiture.

*The People* v. *Sands* (1 Johns. R., 78) was the case of an indictment for a nuisance in keeping fifty barrels of gunpowder in a certain house, near the dwelling-houses of divers good citizens and near a public street which was the peoples' common highway,

and it was held that the fact so charged did not amount to a nuisance, but that it would have been otherwise if it had been charged to have been negligently and improvidently kept. In that case the judges disagreed, and all but one gave a written opinion, and Chief-Justice Kent in his opinion said: "The only question is, whether the facts laid imply a common nuisance. I am clearly of opinion that they do not, and that a powder-house near dwelling-houses may or may not be a nuisance, according to circumstances, and which circumstances must be explicitly stated in the indictment, so that the defendants may be prepared to meet them, and so that the court may judge of their force."

*Myers* v. *Malcolm* (6 Hill, 292) was an action to recover damages for an injury to the plaintiff occasioned by an explosion, caused by the burning of a quantity of gunpowder belonging to the defendants. In that case, the defendants had stored about 600 pounds of powder in kegs, in the loft of a store, in the village of Syracuse. They were notified to remove it by the trustees of the village, and did so by depositing it in the upper story of a carpenter's shop, which was built of wood, near a lumber yard and several inhabited wooden dwelling-houses and stables. The shop took fire, and the powder was ignited and caused an explosion, which killed several persons and wounded and injured others, among whom was the plaintiff. The plaintiff had a verdict at the Circuit, but the case went to the Supreme Court, where a new trial was granted for an error of the trial-judge in the reception of testimony. The whole teaching of the case, however, is that the depositing and keeping of the powder in such an exposed situation amounted to a public nuisance, and that any individual sustaining special injury therefrom was entitled to his private damage. These are the two leading cases in our own State on this subject, and they show how the law now stands with us. Guided by what has already been said, we may now examine this case.

The defendant has a little over two acres of land, upon which are several shops and one dwelling-house, where he resides. Here he carries on the business of manufacturing fire-works. On one corner of this lot he constructed a small powder magazine of brick. It consisted of a four-inch wall arched up, then a space of four inches, and then an arched wall outside of that, and cemented

both outside and inside. There were two doors; one inside and one outside. It was, practically, a building within a building, with a space of four or five inches between them for ventilation, and was about eight feet square on the inside. The premises were neatly kept and carefully provided with apparatus for extinguishing fires, and with hose to put out fire on any portion of the grounds. On Sunday, the 16th day of September, 1877, the powder was ignited and the magazine exploded, and did damage to the plaintiff's premises. The proof does not show the quantity of powder in this magazine at this time, but it is stated in the answer that there were four kegs of fine meal powder, and a keg and a half of grain powder. Neither does the proof show where or how the plaintiff's premises are situated with reference to those of the defendant, but it is alleged in the complaint that they are about 175 feet westerly therefrom.

At the close of the testimony the judge charged the jury that they must find for the defendant, unless they found he carelessly and negligently kept the gunpowder on his premises. This was excepted to by the counsel for the plaintiff, who requested the judge to charge the jury, " that the powder magazine was dangerous in itself to plaintiff and his property, and was a private nuisance, and the defendant liable to the plaintiff whether it was carelessly kept or not." The judge refused so to charge, and the plaintiff excepted. The jury found for the defendant.

A motion for a new trial on the minutes was denied, and an appeal has been taken from that order and from the judgment.

So far as we can find, no reported case has held that storing powder is a nuisance *per se*, and no elementary writer has so declared. Mr. Blackstone, in the passage we have quoted above, was very careful not to say that, but only speaks of keeping or carrying too large a quantity at one time, or in one place or vehicle. In all the opinions delivered in the case of the *People* v. *Sands*, the same care is manifested, and all seem to agree that whether the deposit of powder in that case was or was not a public nuisance, depended on all the circumstances of the case. The same thing may be said of the case of *Myers* v. *Malcolm*, where Chief-Justice NELSON says : " I think the jury would have been well warranted in finding the defendants guilty of the offense, upon the

facts disclosed in this case, as it cannot be doubted that the gunpowder was deposited in a building insufficiently secured and protected, and altogether unfit for the safe-keeping of so large a quantity of the article."

It seems, therefore, to resolve itself into a question whether there is negligence or the absence of it. A small quantity of powder well secured may be deposited and kept at a reasonable distance from human habitation, but a large quantity insecurely kept in the midst of a thick population may be a nuisance.

Here in this case there was a small quantity of powder in a well-built and well-secured magazine, at some considerable distance from any dwelling but that of the owner, and the judge left it to the jury to say whether the defendant had been guilty of any negligence in so keeping the powder. We think this was a proper disposition of the case, and that the verdict of the jury was right.

It follows from what has been said that the request to charge, made by the plaintiff's counsel, was properly refused.

The judgment must be affirmed, with costs.

BARNARD, P. J., concurred; GILBERT, J., dissented.

Judgment and order denying new trial affirmed, with costs.